IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ALAN RAY CONRAD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 7:03-CV-255-R |
| NATHANIEL QUARTERMAN,[1] Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. On February 14, 2001, upon a plea of not guilty, Alan Ray Conrad was tried by jury and convicted for the offense of attempted murder. *Petition p. 2 ¶¶ 1-6; State v. Conrad, No. 33461-B (78th District of Wichita County, Texas).* His sentence was assessed at twelve-years confinement. *Petition p. 1 ¶ 3.* Petitioner filed a direct appeal and, on May 9, 2002, his conviction was affirmed. *Petition ¶¶ 8 & 9; Conrad v. State*, No. 2-01-121-CR (Tex. App. – Ft. Worth 2002, pet. ref'd.). Conrad's petition for discretionary review was refused on November 20, 2002. *Conrad v. State, P.D.R. No. 1627-02.* He did not file a state habeas application.

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption of this case is being changed pursuant to Fed. R. Civ. P. 25(d).

In his sole ground for habeas relief, Conrad claims that he was denied effective assistance of counsel because counsel failed to investigate and present a defense of insanity. *See Petition and attachment thereto.*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2003).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120

S.Ct. 1495, 1523 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 531 U.S. 1002, 121 S.Ct. 508 (2000). Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407, 120 S.Ct. at 1520. The standard for determining whether a state court's application was unreasonable is an objective one. This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001 (2001). The resolution of factual issues by the state court are afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 771 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits and are fairly supported by the record. *E.g., Burden v.*

*Zant*, 498 U.S. 433, 111 S.Ct. 862, 864 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994), *cert. denied*, 513 U.S. 1137, 115 S.Ct. 959 (1995); 28 U.S.C. § 2254(d).

The facts of this case were recited by the Second Court of Appeals as follows:

> On November 22, 1996, Appellant choked Sandra Rhone, the complainant, for no apparent reason. Appellant was indicted for attempted murder. Subsequent to that choking but prior to the trial in question, Appellant committed another offense in Florida. The trial court in Florida found Appellant not guilty by reason of insanity. Moreover, Appellant was on Social Security disability for a mental disorder at the time of trial, and he has attempted suicide many times. Appellant's counsel for the attempted murder charge neither investigated the status of Appellant's mental health at the time of the choking incident nor presented an insanity defense at trial.

*Conrad v. State*, No. 2-01-121-CR p. 2 (Tex. App. – Ft. Worth, May 9, 2002, pet. ref'd.) (published as *Conrad v. State*, 77 S.W.3d 424, 425 (Tex. App. – Ft. Worth 2002, pet. ref'd.)).

Petitioner claims that he was denied effective assistance of counsel at trial because counsel failed to investigate and present a defense of insanity. The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694, 104 S.Ct. at 2064-66 & 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *accord Lockhard v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61, 106 S.Ct. 366, 371 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033, 111 S.Ct. 694 (1991).

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. [citations omitted]. Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d at 773.

The Fifth Circuit has recognized that counsel may be ineffective where he: (1) explores the issue of insanity but fails to take an obvious and readily available investigatory step which would have made the defense viable; (2) does not produce reasonable tactical reasons for not pursuing further investigation; and (3) raises no other plausible defenses. *Profitt v. Waldron*, 831 F.2d 1245, 1248 (5th Cir.1987) (citing cases); *see Bouchillon v. Collins*, 907 F.2d 589, 596 (5th Cir.1990) (finding counsel ineffective in failing to offer an insanity defense because, although counsel was aware that defendant had been committed previously to mental institutions, he did not ask for

psychiatric evaluation or conduct any other investigation). However, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Loyd v. Whitley*, 977 F.2d 149, 158 (5th Cir. 1992), *cert. denied*, 508 U.S. 911, 113 S.Ct. 2343 (1993) (applying *Strickland* test in context of failure to present insanity defense).

Petitioner in the instant case was represented by a public defender at trial. *Conrad*, 77 S.W. 3d at 425. However, another attorney was appointed to represent him on appeal. *Id.* A motion for new trial was filed and a hearing was held on the motion. *Id.* at 426. Petitioner's sole basis for the motion was ineffective assistance of counsel for failing to investigate and present a defense of insanity. *Id.* The motion for new trial was denied by the trial court. *State v. Conrad, No. 33461-B (78th District of Wichita County, Texas), Statement of Facts, Vol. 8 p. 140.* Upon review of the record and the evidence presented at the hearing on the motion for new trial in light of *Strickland*, the Second Court of Appeals found that counsel's performance had fallen below an objective standard of reasonableness. The court found as follows:

> Trial counsel testified that he did not recall investigating the factual basis for an insanity defense nor researching the law regarding an insanity defense. He apparently relied on the reports of two court-appointed mental health experts, Dr. Morris and Dr. Tomlinson. Both doctors had been appointed at the request of the State and agreed that Appellant was both competent to stand trial and sane at the time of the offense.
>
> Trial counsel did not discuss the doctors' findings with them, even though he agreed they had been cooperative with him in the past. Trial counsel looked at no medical records regarding Appellant, did not request his own expert, did not contact the Social Security Administration about Appellant's mental illness, did not speak to the attorneys who had represented Appellant in the past, and did not speak with any doctors treating Appellant at the VA hospital. Trial counsel testified that Appellant believed he had no mental problems and did not want a competency examination.
>
> Trial counsel's performance was surely deficient. Under *Strickland*, an attorney has the duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Thus, trial counsel had an obligation personally to investigate

> Appellant's mental status at the time of the offense. By his own admission, he did not do so. We can conceive of no trial strategy that would justify this failure.

*Conrad*, 77 S.W.3d at 426 (citations omitted).

However, in turning to the second prong of *Strickland*, the Court of Appeals found as follows:

> Trial counsel testified that his defense was that the assault was simply an assault with bodily injury, not an attempted murder. That defense is not inconsistent with an insanity defense. At the hearing on Appellant's motion for new trial, trial counsel admitted that he did not recall doing the necessary investigation into the insanity defense. The only other witness Appellant presented at the hearing, aside from himself, was Appellant's mother. She testified that Appellant's treating psychiatrist at the VA hospital and a VA social worker would have testified about Appellant's long-standing mental illness had they been subpoenaed to the trial. Those persons, however, did not testify at the hearing.
>
> Further, there was no evidence offered at the hearing on the motion for new trial that any physician or social worker would have testified that Appellant was legally insane at the time of the offense. Although lay testimony may be sufficient to support an insanity defense, Appellant did not even elicit lay testimony to establish insanity. In short, there is no evidence in the record that Appellant was legally insane when the assault occurred. We do not find the evidence presented at the hearing on the motion for new trial sufficient to support the second prong of *Strickland*.

*Id.* at pp. 426-27 (citations omitted). Petitioner's conviction was affirmed.

The decision of the Court of Appeals is fairly supported by the record in this case. As stated by that court, there was no evidence presented which could show that Conrad was insane at the time of the offense. Therefore, Conrad failed to demonstrate prejudice as a result of counsel's alleged deficiencies. This decision was not contrary to federal law and did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Furthermore, the appellate court's decision was not based upon an unreasonable determination of the facts in light of the evidence presented because, as shown by the record, no evidence was presented to support Conrad's claim of prejudice. Conrad failed to demonstrate a

reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *See Strickland*, 466 U.S. at 687-91 & 694, 104 S.Ct. at 2064-66 & 2068. Therefore, 28 U.S.C. § 2254(d) precludes this Court from granting relief.

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a copy of this Order to Counsel for Petitioner and to Counsel for Respondent.

SO ORDERED this 24th day of August, 2006.

```
_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE
```